```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:
------------------------------------------------------------X DATE FILED: 12/3/2021
GERGELY CSIKOS,                                 :
                                                :
                              Plaintiff,        :
              -against-                         :
                                                :           18-CV-9598 (VEC)
S.M. CONSTRUCTION & CONTRACTING,                :
INCORPORATED, AND                               :           OPINION & ORDER
230 PARK SOUTH APARTMENTS,                      :
                                                :
                              Defendants.       :
------------------------------------------------------------X
230 PARK SOUTH APARTMENTS,                      :
                                                :
       Cross-Claimant and Third-Party Plaintiff,:
                                                :
              -against-                         :
                                                :
S.M. CONSTRUCTION & CONTRACTING,                :
INCORPORATED,                                   :
                      Cross-Defendant,          :
                                                :
REMODEL ART CORP. AND ALIN                      :
VADANUTA,                                       ;
                                                :
                      Third-Party Defendants.   :
------------------------------------------------------------X
230 PARK SOUTH APARTMENTS,                      :
                                                :
                      Fourth-Party Plaintiff,   :
                                                :
              -against-                         :
                                                :
IAN REISNER, IR HOLDINGS LLC,                   :
PARKVIEW DEVELOPERS LLC                         :
                                                :
                      Fourth-Party Defendants.  :
------------------------------------------------------------X
```

Plaintiff Gergely Csikos has sued 230 Park South Apartments ("the Building") and others for negligence and breach of New York Labor Laws §§ 200, 240(1), and 241(6). *See* Compl., Dkt. 1 ¶¶ 51–60. Plaintiff has moved for summary judgment against the Building on his § 200

1

and § 240(1) claims, *see* Pl. Mem. of Law, Dkt. 168 at 1; the Building opposed Plaintiff's motion, *see* Def. Mem. of Law, Dkt. 176, and cross-moved for summary judgment on all of Plaintiff's claims, *see* Def. Mem. of Law, Dkt. 172 ¶ 3. Plaintiff opposed the Building's motion. *See* Pl. Mem. of Law, Dkt. 178. For the reasons discussed below, Plaintiff's motion for summary judgment is DENIED in whole, and the Building's motion for summary judgment is GRANTED as to Plaintiff's claims for common law negligence and violation of Labor Law §§ 200 and 241(6) but DENIED as to Plaintiff's § 240(1) claim.

## BACKGROUND

There is no dispute that on June 25, 2018, Mr. Csikos was working for Remodel Art Corporation ("Remodel") at 230 Central Park South, the building owned by Defendant 230 Park South Apartments. Pl. Rule 56.1 Statement, Dkt. 167 ¶¶ 1, 7, 13; Def. Rule 56.1 Statement, Dkt. 171 ¶¶ 3, 12. That, however, is where the parties' agreement on the facts ends. Plaintiff insists that he was injured when he used an unsecured A-frame ladder to demolish the eight-to-nine-foot-high ceiling of the building's fifth-floor hallway. Pl. Rule 56.1 Statement ¶¶ 18–19. According to Plaintiff, he was standing on the fourth step of the ladder, removing a three-to-four-foot piece of sheetrock, when the ladder moved, causing him to fall. *Id.* ¶ 21. Mr. Csikos sustained serious injuries when he fell. *Id.* ¶ 22. Defendant, on the other hand, asserts that Plaintiff's "alleged accident" occurred after Plaintiff "placed and secured" the ladder. *See* Def. Rule 56.1 Statement ¶¶ 18–19. Defendant argues that Plaintiff's fall may have occurred due to Plaintiff working in a hurry, and that, given the respective heights of Plaintiff and the ceiling (according to the Building, the ceiling height is 7'10"), Plaintiff could not have been working from a step higher than the first step. *See id.* ¶¶ 21, 27; Def. Resp. to Pl. Rule 56.1 Statement, Dkt. 177 at 7.

## DISCUSSION

When parties cross-move for summary judgment, the Court analyzes the motions separately, "in each case construing the evidence in the light most favorable to the non-moving party." *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 30 (2d Cir. 2018) (citation omitted). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted).

While the Court must construe the facts in the light most favorable to the non-moving party, *see Wandering Dago*, 879 F.3d at 30, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (quotation marks and citation omitted). "Only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013) (quotation marks and citation omitted).

### A. New York Labor Law § 200 and Common Law Negligence

Plaintiff and the Building have cross-moved for summary judgment with respect to Plaintiff's N.Y. Labor Law § 200 claim. *See* Pl. Mem. of Law, Dkt. 168 at 11–12; Def. Mem. of Law, Dkt. 172 ¶¶ 30–35. Defendant has also moved, based on the same argument, for summary judgment with respect to Plaintiff's common law negligence claim. *See* Def. Mem. of Law, Dkt. 172 at 11 & ¶ 64.

Section 200 is a "codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work." *Comes v. N.Y. State Elec. & Gas Corp.*, 82 N.Y.2d 876, 877 (1993). "An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury." *Russin v. Louis N. Picciano & Sons*, 54 N.Y.2d 311, 317 (1981); *see also Rizzuto v. L.A. Wenger Contr. Co.*, 91 N.Y.2d 343, 352 (1998).

Where, as here, the § 200 claim concerns injuries arising from the manner in which work was performed, "recovery against the owner or general contractor cannot be had under Labor Law § 200 unless it is shown that the party to be charged had the authority to supervise or control the performance of the work."[1] *Ortega v. Puccia*, 57 A.D.3d 54, 61 (2d Dep't 2008) (citations omitted). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when the defendant bears the responsibility for the manner in which the work is performed." *Id.* at 62. "Although property owners often have a general authority to oversee the progress of the work, mere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200." *Id.* (citations omitted). Likewise, "authority to stop a contractor from engaging in an unsafe practice and defendant's general oversight of the progress and quality of work is insufficient to raise a material question of fact with respect to whether

---

[1] Defendant argues that "Labor Law § 200 liability will not attach to an owner or contractor unless they *both* had authority to control the work and *actually exercised such authority*." Def. Reply Mem. of Law, Dkt. 182 ¶ 12 (citations omitted) (emphasis in original). But as the Second Department noted in *Ortega*, "[t]o interpret Labor Law § 200 as limiting the imposition of liability to only those situations in which the defendant actually exercised supervision or control would, we believe, encourage defendants to purposefully absent themselves from work sites to provide insulation from liability under the statute, as well as under the common law. Thus, in our view, the better standard to apply when the manner and method of work is at issue in a Labor Law § 200 analysis is whether the defendant had the authority to supervise or control the work." *Ortega v. Puccia*, 57 A.D.3d 54, 62, n.2 (2d Dep't 2008); *accord Kiss v. Clinton Green N., LLC*, No. 17-CV-10029, 2020 WL 4226564, at *4 (S.D.N.Y. July 23, 2020).

defendant exercised the requisite degree of supervision and control over the work being performed to sustain a claim under Labor Law § 200 or common-law negligence." *Carney v. Allied Craftsman Gen. Contrs., Inc.*, 9 A.D.3d 823, 825 (3d Dep't 2004).

Plaintiff argues that he is entitled to summary judgment on his § 200 claim because Defendant, in its December 2018 contract with Remodel, "specifically retained the right to supervise and control the subject hallway renovation project," including the right to stop or halt work, the right to correct work, the right to approve Remodel's work schedules, the right to access the work site, the right to perform the hallway renovation with its "own forces," and the right to make modifications or changes to the work Remodel was performing. Pl. Mem. of Law, Dkt. 168 at 11–12 (citing Hallway Renovation Contract, Dkt. 167 at Ex. 4). Plaintiff further relies on the fact that the Building's Resident Manager, Paul Anzelde, testified that he had the authority to halt Remodel's work, if necessary. *Id.* at 12 (citing Pl. Rule 56.1 Statement, Dkt. 167 at Ex. 8 ¶ 12). Thus, Plaintiff argues, "[d]espite having the authority to control and halt Mr. Csikos' work, 230 Park South negligently failed to provide Mr. Csikos with a safe place to work." *Id.*

The Building, meanwhile, argues that it is entitled to summary judgment on Plaintiff's § 200 claims because the Building did not exercise control over the injury-producing work. Def. Mem. of Law, Dkt. 172 ¶ 34. According to the Building, "plaintiff's work was supervised, directed, and controlled exclusively by Remodel Art," and the Building did not "provide any tools, equipment, or materials for the renovation project." *Id.* (citations omitted); *see also* Def. Response to Pl. Rule 56.1 Statement, Dkt. 177 ¶¶ 44–45. The Building further argues that Plaintiff's reliance on the December 2018 contract between the Building and Remodel is misplaced because the contract was not in effect at the time of Plaintiff's injury and, even if it

had been, the rights the Building retained in the contract were "aimed towards ensuring compliance with the specifications and the timing of the work, rather than issues of safety or control over the means and methods of the contractor's work." Def. Reply Mem. of Law, Dkt. 182 ¶¶ 7, 11.

The Building is entitled to summary judgment on Plaintiff's § 200 claim because there is no genuine dispute of material fact about the degree of supervision and control the Building exercised over the work that led to Plaintiff's injury. Although Plaintiff points to the December 2018 contract between the Building and Remodel, *see, e.g.*, Pl. Rule 56.1 Statement, Dkt. 167 at Ex. 8 ¶¶ 33–39; Pl. Mem. of Law, Dkt. 168 at 11–12, that agreement, signed seven months after Plaintiff's accident, does not control. Other than the December 2018 contract, Plaintiff points to Mr. Anzelde's acknowledgment that he had the authority to halt work. *See, e.g.*, Pl. Reply Mem. of Law, Dkt. 181 at 10; *see also* Anzelde Dep., Dkt. 167 at Ex. 3 at 38:21–22. Plaintiff also points to the fact that, when he fell, his co-worker reported the incident to Mr. Anzelde, rather than to Mr. Vadanuta (the owner of Remodel), as evidence that "defendant maintained control and authority over Remodel and the worksites." Pl. Reply Mem. of Law, Dkt. 181 at 10. But those facts are not enough to show that Defendant had anything more than general supervisory authority over Plaintiff's work. *See, e.g.*, *Hughes v. Tishman Constr. Corp.*, 40 A.D.3d 305, 309 (1st Dep't 2007) ("the authority to stop work for safety reasons is insufficient to raise a triable issue of fact with respect to whether [a defendant] exercised the requisite degree of supervision and control over the work being performed to sustain a claim under Labor Law § 200 or for common-law negligence") (citations omitted); *see also Carney*, 9 A.D.3d at 825.

Even if the December 2018 contract had been in effect at the time of Plaintiff's injury, the result would not be different. Pursuant to the December 2018 contract, the Building retained

the right to stop, correct, or change work, perform work with its "own forces", approve Remodel's work schedules, and access the work site. *See* Hallway Renovation Contract, Dkt. 167 at Ex. 4. None of these rights relates to safety measures; all are simply related to the right of the Building to oversee the progress and quality of work. That sort of control does not create § 200 liability. *See, e.g.*, *Ortega*, 57 A.D.3d at 61; *Phillip v. 525 E. 80th St. Condo.*, 93 A.D.3d 578, 579 (1st Dep't 2012).

The record therefore establishes that, although Defendant retained some general, supervisory authority under the December 2018 contract, it did not retain any authority over issues of safety, nor did it exercise any direct control over Remodel's employees or the manner in which the work was performed. Under these circumstances, the Building is not liable under Labor Law § 200. *See Comes*, 82 N.Y.2d at 877.

Accordingly, Defendant's motion for summary judgment on Plaintiff's § 200 claim is granted. Because § 200 is a codification of common-law negligence, *see Wojcik v. 42nd St. Dev. Project*, 386 F. Supp. 2d 442, 455 n.15 (S.D.N.Y. 2005), Defendant's motion for summary judgment is also granted as to Plaintiff's negligence claim.

**B.     New York Labor Law § 240(1)**

Both Plaintiff and Defendant have also moved for summary judgment with respect to Plaintiff's N.Y. Labor Law § 240(1) claim. *See* Pl. Mem. of Law, Dkt. 168 at 7–11; Def. Mem. of Law, Dkt. 172 ¶¶ 36–46.

Section 240(1) "imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty which has proximately caused injury." *Sanatass v. Consol. Inv. Co.*, 10 N.Y.3d 333, 338 (2008) (citations omitted). In evaluating a claim under Labor Law § 240(1), "the single decisive question is whether plaintiff's injuries were the direct consequence of a

failure to provide adequate protection against a risk arising from a physically significant elevation differential." *Runner v. N.Y. Stock Exch., Inc.*, 13 N.Y.3d 599, 603 (2009). Section 240(1) "is to be construed as liberally as may be for the accomplishment of the purpose for which it was . . . framed," *Narducci v. Manhasset Bay Assoc.*, 96 N.Y.2d 259, 267 (2001) (cleaned up), and New York courts have consistently held that a fall from the fourth rung of an unsecured ladder, as alleged here, is covered by § 240(1), *see, e.g.*, *Goodwin v. Dix Hills Jewish Ctr.*, 144 A.D.3d 744, 745 (2d Dep't 2016); *Kijak v. 330 Madison Ave. Corp.*, 251 A.D.2d 152, 153 (1st Dep't 1998).

"[L]iability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries." *DeSerio v. City of N.Y.*, 171 A.D.3d 867, 867–68 (2d Dep't 2019) (cleaned up). "The inexplicable shifting of an unsecured ladder may alone support a § 240(1) claim if a worker is caused to fall due to such shifting." *Soriano v. St. Mary's Indian Orthodox Church of Rockland, Inc.*, 118 A.D.3d 524, 526 (1st Dep't 2014) (citations omitted).

Plaintiff argues that he is entitled to summary judgment on his § 240(1) claim because, at the time of his fall, he was working from an unsecured ladder. Pl. Mem. of Law, Dkt. 168 at 10. "By establishing he was injured when he fell off an unsecured and unsteady ladder, Mr. Csikos has established a *prima facie* violation of Labor Law § 240(1)." *Id.*

The Building argues that Plaintiff was not required to work from a ladder and therefore "no fall protection was required for the work to be performed safely." Def. Mem. of Law, Dkt. 172 ¶¶ 38, 40. Further, Plaintiff's argument that he fell from an unsecured ladder is undercut by his deposition testimony. At his deposition, Plaintiff testified: "I started removing large pieces

8

from the ceiling. When I got to the second large piece to be removed, I placed and secured the ladder." Dep. of Gergely Csikos, Dkt. 167 at Ex. 6 at 16:14–22.

Both parties' motions for summary judgment on Plaintiff's § 240(1) claim are denied because there are disputed questions of material fact. A reasonable trier of fact could conclude that the Building failed to provide adequate protection against the risk of falling by allowing Plaintiff to ascend the ladder without a second person or other safety measure to secure the ladder. But a reasonable trier of fact could also conclude that the ladder was, in fact, secured, or that Mr. Csikos' elevation from the floor was minimal and did not require fall protection. Because there are genuine disputes of material fact the parties' cross-motions for summary judgment as to Plaintiff's § 240(1) claim are denied.

C. **New York Labor Law § 241(6)**

Finally, Defendant has moved for summary judgment on Plaintiff's N.Y. Labor Law § 241(6) claim, arguing that it should be dismissed because "plaintiff fails to cite to any relevant Industrial Code Sections." Def. Mem. of Law, Dkt. 172 ¶ 3. In support of his § 241(6) claim, Plaintiff alleges violations of Industrial Code §§ 23-1.5, 23-1.7, 23-1.8, 23-1.15, 23-1.16, 23-1.17, 23-2.1 and 23-5, as well as Occupational Safety and Health Administration ("OSHA") regulation, 29 C.F.R. § 1926, subsections 100, 104, 105, 451, 452, 501, 502, and 503. *See* Pl. Response to Interrogatories, Dkt. 170 at Ex. V, No. 7.

Section 241(6) imposes a nondelegable duty on "owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor." *Misicki v. Caradonna*, 12 N.Y.3d 511, 515 (2009) (citation omitted). To establish liability under § 241(6), a plaintiff "must demonstrate that his [or her] injuries were proximately caused by a violation of

9

an Industrial Code provision that is applicable under the circumstances of the case." *Rodriguez v. 250 Park Ave., LLC*, 161 A.D.3d 906, 908 (2d Dep't 2018) (alteration in original) (citations omitted).  The Code regulation alleged to have been violated "must constitute a specific, positive command, not one that merely reiterates the common-law standard of negligence." *Buckley v. Columbia Grammar & Preparatory*, 44 A.D.3d 263, 271 (1st Dep't 2007) (citation omitted).  A claimant need not prove that the owner or contractor exercised supervision or control over the work being performed, *see Allen v. Cloutier Constr. Corp.*, 44 N.Y.2d 290, 300 (1978), only that the owner or contractor violated a rule or regulation promulgated by the Commissioner of the Department of Labor setting forth a specific standard of conduct, *see Coyago v. Mapa Props., Inc.*, 73 A.D.3d 664, 664 (1st Dep't 2010).

Defendant alleges that it is entitled to summary judgment on Plaintiff's § 241(6) claim because the Industrial Code sections and OSHA regulations on which Plaintiff relies are not applicable.  *See* Def. Mem. of Law, Dkt. 172 ¶¶ 50–59.

New York courts have made clear that "the particular provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles." *Misicki*, 12 N.Y.3d at 515.  As subsections (a) and (b) of Industrial Code 23-1.5 are nothing more than general safety provisions, they do not provide a basis for Plaintiff's § 241(6) claim.  *See, e.g.*, *Guallpa v. Canarsie Plaza, LLC*, 144 A.D.3d 1088, 1091 (2d Dep't 2016) (finding that a similar "general safety standard . . . does not give rise to a nondelegable duty under Labor Law § 241(6)") (citations omitted).  Likewise, subsection (c) is inapplicable; it governs the condition of equipment and safeguards, but Plaintiff does not allege that his injury was caused by the ladder being in poor condition; his claim is that the ladder was not secured properly by another person or by other means.

The other Industrial Code sections on which Plaintiff relies are also not applicable. Industrial Code § 23-1.7 governs safety requirements with respect to overhead, falling, drowning, slipping and tripping hazards, vertical passages, ramps, and runways, contaminated work areas, and corrosive substances.  Section 23-1.8 governs general requirements for personal protective gear, including eye protection, respirators, and protective apparel.  Section 23-1.15 governs the design of safety railings.  Section 23-1.16 governs requirements for safety belts, harnesses, tail lines, and lifelines.  Section 23-1.17 governs the use of life nets on worksites. Section 23-2.1 governs the storage of materials and equipment and the disposal of debris. Section 23-5 governs the use of scaffolds.  None is applicable here, where Plaintiff's claim concerns an alleged fall from a ladder, not injury by virtue of any of the equipment or circumstances contemplated by the cited code sections.

The New York Court of Appeals has held that Federal OSHA regulations cannot serve "as a predicate for [a] Labor Law § 241(6) claim against a non-supervising owner or general contractor." *Rizzuto*, 91 N.Y.2d at 351 n* (1998); *see also id.* ("As the Federal provisions relied upon by plaintiff are not the type which establish a non-delegable duty, the breach of which would constitute some evidence of negligence, any violation of the OSHA regulations . . . would not form the basis for liability under Lab. Law § 241(6).") (citations omitted).

Because none of the Industrial Code sections or OSHA regulations on which Plaintiff relies is applicable, the Building's motion for summary judgment on Plaintiff's § 241(6) claim is granted.

        **D.**    **Defendant's Request for Conditional Indemnification**

The Building requests that, in the event Plaintiff's complaint is not dismissed, it should be awarded a judgment of conditional indemnification against Mr. Vadanuta and Remodel.  *See*

Def. Mem. of Law, Dkt. 172 ¶¶ 61–63.  Generally, however, "because a duty to indemnify is based on the facts established at trial and the theory under which judgment is actually entered in a case, it is often premature to issue a declaratory judgment as to the duty to indemnify before the basis for liability is established."  *Pac. Emps. Ins. Co. v. Saint Francis Care Inc.*, 729 F. App'x 129, 130 (2d Cir. 2018) (cleaned up).  Because the theory of the Building's liability has not been established, its request for conditional indemnification is denied.

## CONCLUSION

In sum: (1) Plaintiff's motion for summary judgment is denied in whole; (2) Defendant's motion for summary judgment is granted as to Plaintiff's common law negligence and Labor Law §§ 200 and 241(6) claims but denied as to his Labor Law § 240(1) claim; and (3) Defendant's request for conditional indemnification is denied.  The Clerk of Court is respectfully directed to close the open motions at docket entries 162 and 169.

The parties are directed to meet and confer and, no later than **January 7, 2022**, provide the Court with a proposed schedule for next steps.  The parties' submission should include the following information:

a. a statement of all existing deadlines, due dates, and/or cut-off dates

b. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

c. a statement of the anticipated length of trial and whether the case is to be tried for a jury;

d. a statement of whether any party anticipates filing a motion to exclude expert testimony;

e. the parties' availability for a trial in April or May 2022.

Lastly, the oral argument scheduled for December 13, 2021 is canceled.

**SO ORDERED.**

Date:  **December 3, 2021**                             **VALERIE CAPRONI**
       **New York, New York**                       **United States District Judge**