MEMO ENDORSED

# PERRY, VAN ETTEN, ROZANSKI & KUTNER, LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/2022

**PLEASE REPLY TO:**

**NEW YORK OFFICE**
14 Wall Street, Suite 4D
New York, New York 10005
(212) 406-9710
Fax (646) 370-3303

Jeffrey K. Van Etten
Member of the Firm
jkvanetten@pvrklaw.com
Extension 132

**LONG ISLAND OFFICE**
225 Broadhollow Road, Suite 430
Melville, New York 11747
(631) 414-7930
Fax (631) 777-4504

Members of the Firm
Douglas P. Perry
Jeffrey K. Van Etten*
Kenneth J. Kutner**

Partners
Leonard Porcelli**
Jerome S. Oliner*
Geoffrey H. Pforr
Thomas F. Maher
Joseph K. Strang
Kevin J. Brennan

Senior Trial Counsel
Michael C. Dombrowksi

Associates
John J. Ullrich
Ariana K. Politis
Kristen Petersen Hofer
Anthony Lugara
Jessica J. Beauvais
Patrick F. Downey

Of Counsel
Thaddeus J. Rozanski
Elizabeth G. Kastner
Justine L. Grisanti-Van Etten*
Amanda L. Perry***

Also Admitted in
New Jersey*
Connecticut**
South Carolina***

February 16, 2022

**_Via ECF_**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
Courtroom 443
New York, NY  10007

  Re: Gergely Csikos v. S.M. Construction & Contracting Incorporated and
     230 Park South Apartments, Inc.//230 Park South Apartments, Inc. v.
     Remodel Art Corp. and Alin Florin Vadanuta//230 Park South Apartments, Inc.
     v. IR Holdings, LLC, Parkview Developers, LLC and Ian Reisner
     Our File No.:  129010
     **Docket No.: 18-cv-9598 (VEC)**

Dear Honorable Madam:

  Please allow this correspondence to serve as a letter application seeking leave to allow defendant 230 Park South Apartments, Inc. an extension of time to file their Rule 26 Expert Responses in the above-referenced matter.

  As the Court is aware, plaintiff recently interposed a motion to preclude defendant's experts (Documents 193, 194 and 195).  While an initial request for an extension was made in regard to opposing this motion (Document 197), and the Court having issued an order and

subsequent order pertaining to the defendant's application (Documents 198 and 200), the undersigned learned while preparing opposition to plaintiff's motion to preclude that our supplemental Rule 26 expert witness response for the medical experts was never served on plaintiff's counsel. The Supplemental Response dated September 24, 2020 (without exhibits), a copy of which is annexed hereto as **Exhibit "A"**, was marked final within my file and it was my understanding based on our internal filing procedures that it had been served on plaintiff's counsel. I have since learned, however, that the document had not been actually served, as we learned shortly before service, that Mr. Csikos had undergone an August 6, 2020 surgery. In this regard, my assistant and paralegal informed me this week that I had advised them to hold off on the service of the Response until we secured updated reports from our medical experts based on the new surgery.[1] In fact, on October 1, 2020 our office followed for additional discovery from plaintiff's counsel to address the surgery, supplemental discovery needs, including the need to have our medical expert review the new operative report and interim treatment records before finalizing their opinions. A copy of our letter to plaintiff's counsel is annexed hereto as **Exhibit "B"**.

As the Court may also recall, there were additional complicating factors with this litigation, at and about the time of the new surgery, as third-party defendant's counsel had raised the issue of the potential need to withdraw as counsel. This had resulted in a failure of the production of a previously subpoenaed witness to testify and on September 30, 2020, a Court conference had been held to address this development. The Court issued a subsequent order (Document 117) setting up a further pre-trial conference and a requirement of a letter submission verifying whether counsel would be with withdrawing. On October 9, 2020 the further pre-trial conference was held and a further Court order (Document 119) was issued which extended fact discovery to October 30, 2020 and expert discovery to December 31, 2020. Candidly, it must be acknowledged that despite the further extension of the expert witness discovery, the undersigned did not realize, during the interim period, that the supplemental expert reports arising from the surgery had not been received nor had we sent out the prepared, supplemental expert response.

It is acknowledged that plaintiff produced their client for a further deposition during this time period, although we did not receive full responses to our October 1, 2020 request. <u>This is **not** to cast blame on plaintiff's counsel, as again, it is acknowledged that the error in this instance rests with defense counsel, alone</u>. Regardless, subsequent to plaintiff's deposition, there remained a host of disputed issues in regard to the third-party and subsequent fourth-party actions which warranted requests for potential defaults, the subsequent allowance of a fourth-party action late answer, as well as appearance of the fourth-party defendants for depositions. <u>See generally</u>, Orders (Documents 124, 141,144 and 152). And while subsequent to the March, 26, 2021 Court conference additional delays took place with the fourth-party action, fact discovery was pursued and completed and as a result, motions for summary judgment were filed. The Court subsequently denied plaintiff's motion for summary judgment and granted, in part, defendant's motion and this resulted in yet a further motion for reconsideration by plaintiff. That motion is now pending before this Court.

---

[1] A fact that I had clearly forgotten.

  As can be noted from the foregoing procedural history, extensive legal activities have been taking place on this case throughout the past fifteen months, but admittedly, defense counsel failed to submit their supplemental medical expert discovery.  That said, I would point out that on August 12, 2020 we served a Rule 26 Disclosure for our liability expert.  And, prior to that, served a Supplemental Rule 26 Witness Disclosure to plaintiff on July 2, 2020 to supplement the initial Rule 26 and discovery responses of predecessor counsel.  These actions took place within 3 ½ months after our initial appearance as substituting counsel (Document 90).

  In view of the foregoing, it is requested upon this application or, upon further authorized motion practice, the Court grant the defendant leave to serve late medical expert disclosures.  We believe that with the submission of the aforesaid disclosures, the motion to preclude by plaintiff for the various medical experts would be moot or, can be further addressed by the defense.  We would also make our witnesses available to plaintiff for depositions, at plaintiff's convenience, should the Court authorize additional discovery to ensure plaintiff is not prejudiced by counsel's law office failure. Absent this relief, and without the proper disclosures, our opposition to the medical expert preclusion motion is hindered. We can, of course, address those portions of plaintiff's motion in regard to the liability expert, and if the Court desires, we will submit the appropriate affirmation in opposition, as we remain of the opinion that a *Daubert* motion applicable to the liability expert is inappropriate and the relief sought by plaintiff was and/or is more appropriately addressed via motion in limine.

  The undersigned apologizes for the need for this application, as it applies both to adversary counsel and the Court.  I look forward to hearing from the Court in regard to the application.

          Respectfully submitted,

          PERRY, VAN ETTEN, ROZANSKI
           & KUTNER, LLP


         BY: *Jeffrey K. Van Etten*

JVE/mkr           JEFFREY K. VAN ETTEN
Enclosure

cc: **Via ECF & E-mail (Hostrovronai@ronaifirm.com)**
   Ronai & Ronai, LLP
   The Ronai Building
   34 Adee Street
   Port Chester, NY  10573
   Attn:   Holly Ostrov Ronai, Esq.

   **Via ECF & E-mail (VAvery@fordharrison.com)**
   Ford Harrison, LLP
   60 East 42nd Street – 51st Floor
   New York, NY 10165
   Attn:   Vincent M. Avery, Esq.

*Via ECF & E-mail (kdanielsen@kdvlaw.com)*
Kaufman Dolowich Voluck LLP
25 Main Street, Suite 500
Hackensack, NJ  07601
Attn:   Kenneth B. Danielsen, Esq.

> Plaintiff is directed to respond to Defendant's request by **February 23, 2022**, explaining, in particular, what prejudice would arise if the Court granted Defendant's request, but allowed a further deposition after Plaintiff receives the supplemental report.

SO ORDERED.

2/16/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==============================================X
GERGELY CSIKOS,                                            **FURTHER RULE 26**
                                                           **EXPERT DISCLOSURE**

                     Plaintiff,

                                                                                                                                              *Docket No.: 18-cv-9598*

   -against-                                                  *(VEC)*

S.M. CONSTRUCTION & CONTRACTING,
INCORPORATED and 230 PARK SOUTH
APARTMENTS, INC.,

                     Defendants.
==============================================X
230 PARK SOUTH APARTMENTS, INC.,

                     Third-Party Plaintiff,

   -against-

REMODEL ART CORP. and ALIN FLORIN VADANUTA,

                   Third-Party Defendants.
==============================================X

     Defendant/third-party plaintiff 230 PARK SOUTH APARTMENTS, INC., by its attorneys, PERRY, VAN ETTEN, ROZANSKI & KUTNER, LLP, as and for their Further Rule 26(a) Expert Disclosure, sets forth and identifies their witnesses as follows:

    1.    <u>Ira J. Chernoff, M.D.</u>

     Dr. Chernoff is a Board Certified orthopedic surgeon.

     Dr. Chernoff's expert report, supplemental expert report, curriculum vitae and list of prior testimony are annexed hereto as **Exhibit "A"** to the response.

     Dr. Chernoff was retained as an expert witness to conduct an independent medical examination of the plaintiff and is expected to provide testimony and opinions related to this examination, the contents of which are contained within the attached reports. Dr. Chernoff's testimony will be based, as well, on his review of multiple sets of plaintiff's medical records, as

well as diagnostic testing films and diagnostic testing film reports. Based on his review of the medical records of Mr. Csikos, as well as the physical examination he conducted on October 17, 2019, Dr. Chernoff will opine that Mr. Csikos sustained a lumbosacral sprain and a cervical sprain as a result of the June 25, 2018 accident. Further, plaintiff underwent a C4–C5 through C5–C6 surgical procedure by Dr. Lattuga. However, Dr. Chernoff opine that the cervical spine surgery undertaken by plaintiff was not indicated nor medically necessary as a result of the injury sustained on June 25, 2018. Additionally, Dr. Chernoff will opine that there were bulging discs within plaintiff's back which were pre-existing and not causally related to the incident. Further, it will be opined that there was no acute injury shown, nor any acute herniations seen within the post-incident diagnostic testing films studies reviewed by Dr. Chernoff.

Dr. Chernoff will also provide rebuttal expert testimony in response to the testimony of plaintiff's experts, including testimony addressing the purported pain and suffering of Mr. Csikos, as well as any future recommended treatments and prognosis, and the purported permanency of plaintiff's injuries.

In addition to relying upon the information, facts and opinions set forth in the various medical records and deposition transcripts of Mr. Csikos, Dr. Chernoff may also rely upon discovery exchanged in this matter, the testimony reports given in this matter by other medical experts and non-party witnesses, and he will also testify based upon his training and experience within the field of orthopedic surgery and based upon excepted medical principles, applicable journals and professional and medical authorities.

2. Roger A. Bonomo, M.D.

Dr. Bonomo is a Board certified neurologist.

Dr. Bonomo's expert report, supplemental expert report, curriculum vitae and list of prior testimony are annexed hereto as **Exhibit "B"** to the response.

Dr. Bonomo was retained as an expert witness to conduct an independent medical examination of the plaintiff and is expected to provide testimony and opinions related to this examination, the contents of which are contained within the attached reports. Dr. Bonomo's testimony will be based, as well, on his review of multiple sets of plaintiff's medical records, as well as diagnostic testing films and diagnostic testing film reports. Based on his review of the medical records of Mr. Csikos, as well as the physical examination he conducted September 3, 2019, Dr. Bonomo will opine that Mr. Csikos sustained a lumbosacral sprain and a cervical sprain as a result of the June 25, 2018 accident. Furthermore, although plaintiff underwent a C4–C5 through C5–C6 surgical fusion surgery, Dr. Bonomo will opine that the surgery was not medically necessary nor was it related to the injuries allegedly arising from the accident as plaintiff's neurological examination was consistent with a resolved muscle strain, at most. Additionally, Dr. Bonomo will testify that his examination revealed no evidence of any objective injury to any nervous system or spine as a result of the occurrence and the radiographic findings were further noted to have been consistent with degenerative joint disease, resulting in a pre-existing disc bulge. Any purported herniated discs will also be opined by Dr. Bonomo not to have been the cause of any alleged symptoms nor the effect of any specific trauma.

Dr. Bonomo will also opine that there is no neurological disability involved with Mr. Csikos nor does Mr. Csikos require any further diagnostic testing or treatment, including but not limited to, additional MRIs, physical therapy, lumbar epidural steroid injections, cervical epidural steroid injections or invasive procedure of any kind.

3. <u>Alan B. Greenfield, M.D.</u>

Dr. Greenfield is a Board certified Radiologist.

Dr. Greenfield's expert report, curriculum vitae and list of prior testimony are annexed hereto as **Exhibit "C"** to the response.

Dr. Greenfield was retained as a radiological expert to review the diagnostic testing films of Mr. Csikos. It is anticipated that Dr. Greenfield will testify and provide opinions related to the review of the diagnostic testing films of Mr. Csikos, including those referenced within his attached report, as well as any additional reports and films offered into evidence as part of the case in chief of plaintiff and as part of the defense, as rebuttal to plaintiff's expert testimony.

Additionally, Dr. Greenfield will provide rebuttal expert testimony in response to plaintiff's medical experts on the issue of causation and to the pre-existing nature of the disc bulges and purported herniations within plaintiff's lumbar and cervical spine.

Dr. Greenfield will not only rely upon the diagnostic testing films and film reports, but Dr. Greenfield may also rely upon the history of incident provided by Mr. Csikos in his deposition testimony and/or trial testimony and will further rely upon the discovery and pleadings exchanged in this matter, the testimony and reports of other experts and parties to the litigation, his training and experience, as well as generally accepted medical and diagnostic radiological principles, and applicable journals and professional and medical authorities in regard to the field of radiology.

   4.   Lauren J. Siegel

Lauren Siegel is a certified medical case manager, certified life care planner and certified professional medical auditor.

Ms. Siegel's expert report, curriculum vitae and list of prior testimony are annexed hereto as **Exhibit "D"** to the response.

Ms. Siegel was retained as a life care plan expert for the purposes of reviewing the purported cost of future medical care for Mr. Csikos, as disclosed by plaintiff's experts. Ms. Siegel is expected to provide testimony and opinions related to the proposed future medical care and treatment costs of plaintiff and to provide opinion-based testimony on the reasonable cost for any future, purported medical treatment needs. Ms. Siegel will rely upon the testimony of the various experts, the medical reports and records of the plaintiff, as well as the expert disclosures and projections of plaintiff's and the defense's medical experts. She will provide both her own opinion and rebuttal expert testimony in regard to the purported future medical costs and will provide her opinion, based upon current literature and research on the usual and customary fees in the Brooklyn, NY area for patients similar to Mr. Csikos.

As part of her testimony Ms. Siegel will further address, through appendices, the anticipated care costs and the appendices for Ms. Siegel's projections on the reasonable potential cost involved, are attached to her report, previously next as Exhibit "D". All such opinions will be provided, as well, based upon a reasonable degree of nursing certainty and through her experience as a certified medical case manager and life planner.

In addition, Ms. Siegel will also rely upon various sources, including deposition transcripts, medical records and bills, hospital records and radiology records, diagnostic reports as well as expert disclosures and additionally, will rely upon testimony given at trial by various witnesses, experts, and non-parties.

Finally, Ms. Siegel's opinions will be based upon her training and experience, as set forth within her curriculum vitae, and will rely, as well, upon life care and nursing principles, as well as authorities related to this practice.

Defendant/third-party plaintiff 230 PARK SOUTH APARTMENTS, INC. reserves its right to update or supplement this list and disclosure and further reserves its right to call to testify at trial any additional witnesses named or disclosed by plaintiff, co-defendant or third-party defendants, and to further rebut any such new information or disclosures by new witnesses.

Dated: New York, New York
September 24, 2020

    Yours etc.,

    PERRY, VAN ETTEN, ROZANSKI
       & KUTNER, LLP
    Attorneys for Defendant/Third-Party Plaintiff
    230 PARK SOUTH APARTMENTS, INC.
    60 Broad Street
    Suite 3600A
    New York, New York 10004
    (212) 406-9710
    File No.: 129010

    BY: *Jeffrey K. Van Etten*
        JEFFREY K. VAN ETTEN (9107)
        A Member of the Firm

TO:   TIMOTHY J. LAVIN, ESQ. (TL 6371)
      RONAI & RONAI, LLP
      Attorneys for Plaintiff
      The Ronai Building
      34 Adee Street
      Port Chester, New York 10573
      (914) 824-4777

      VINCENT M. AVERY, ESQ.
      FORD HARRISON, LLP
      Attorneys for Defendant
      S.M. CONSTRUCTION & CONTRACTING,
      INCORPORATED and
      Third-Party Defendants
      REMODEL ART CORP. and
      ALIN FLORIN VADANUTA
      60 East 42nd Street – 51st Floor
      New York, New York 10165
      (212) 453-5900

# *AFFIDAVIT OF SERVICE BY E- MAIL*

STATE OF NEW YORK   )
                    : ss.
COUNTY OF NEW YORK  )

MARIA RANIS, being duly sworn deposes and says:

Deponent is not a party to the action, is over Eighteen (18) years of age and resides in Beachwood, New Jersey.

On September 25, 2020 deponent served the within **FURTHER RULE 26 EXPERT DISCLOSURE** upon the attorneys listed below via E-mail.

TO:   TIMOTHY J. LAVIN, ESQ. (TL 6371)
      RONAI & RONAI, LLP
      Attorneys for Plaintiff
      The Ronai Building
      34 Adee Street
      Port Chester, New York  10573
      (914) 824-4777

      VINCENT M. AVERY, ESQ.
      FORD HARRISON, LLP
      Attorneys for Defendant
      S.M. CONSTRUCTION & CONTRACTING,
      INCORPORATED and
      Third-Party Defendants
      REMODEL ART CORP. and
      ALIN FLORIN VADANUTA
      60 East 42nd Street – 51st Floor
      New York, New York  10165
      (212) 453-5900

                                              *Maria Ranis*
                                              MARIA RANIS

Docket No. 18-cv-9598 (VEC)
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GERGELY CSIKOS,

                        Plaintiff,

-against-

S.M. CONSTRUCTION & CONTRACTING, INCORPORATED and 230 PARK SOUTH APARTMENTS, INC.,

                        Defendants.

*****AND A THIRD-PARTY ACTION**

## FURTHER RULE 26 EXPERT DISCLOSURE

**PERRY, VAN ETTEN, ROZANSKI & KUTNER, LLP**
*Attorneys for Defendant/Third-Party Plaintiff 230 PARK SOUTH APARTMENTS, INC.*
**60 Broad Street**
**Suite 3600A**
**New York, New York 10004**
**(212) 406-9710**
§2103 (b) (5) Notice: Service of Papers by Electronic Means is Not Accepted

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1.) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated:   **September 24, 2020**                    Signature   *Jeffrey K. Van Etten*
                                                                                     **JEFFREY K. VAN ETTEN**
                                                     *Print Signer's Name*

*Service of a copy of the within*                                           *is hereby admitted.*
*Dated:*

                                                             *Attorney(s) for*

                                  **PERRY ,VAN ETTEN, ROZANSKI & KUTNER, LLP**
                                                     *Attorneys for*
                                                  **60 Broad Street**
                                                  **Suite 3600A**
                                      **New York, New York 10004**
                                                **(212) 406-9710**

# PERRY, VAN ETTEN,
# ROZANSKI & KUTNER, LLP

**PLEASE REPLY TO:**

| | | |
|---|---|---|
| **NEW YORK OFFICE** | Jeffrey K. Van Etten | **LONG ISLAND OFFICE** |
| 60 Broad Street, Suite 3600A | Member of the Firm | 225 Broadhollow Road, Suite 430 |
| New York, New York 10004 | jkvanetten@pvrklaw.com | Melville, New York 11747 |
| (212) 406-9710 | Extension 132 | (631) 414-7930 |
| Fax (646) 370-3303 | | Fax (631) 777-4504 |

<u>Members of the Firm</u>
Douglas P. Perry
Jeffrey K. Van Etten*
Kenneth J. Kutner**

<u>Partners</u>
Leonard Porcelli**
Jerome S. Oliner*
Geoffrey H. Pforr
Thomas F. Maher
Joseph K. Strang
George L. Mahoney
Kevin J. Brennan

<u>Associates</u>
John J. Ullrich
Michael H. Glassman*
Ariana K. Politis
Kristen Petersen Hofer
Amanda Millea***
Anthony Lugara
Jessica J. Beauvais

<u>Of Counsel</u>
Thaddeus J. Rozanski
Elizabeth G. Kastner
Justine L. Grisanti-Van Etten*
Amanda L. Perry

Also admit in
New Jersey*
Connecticut**
California***

October 1, 2020

<u>Via E-mail (timothylavin@ronaifirm.com)</u>
Ronai & Ronai, LLP
The Ronai Building
34 Adee Street
Port Chester, NY  10573

Attn:   Timothy J. Lavin, Esq.

Re:   Gergely Csikos v. S.M. Construction & Contracting. Incorporated and
230 Park South Apartments, Inc.//230 Park South Apartments, Inc. v.
Remodel Art Corp. and Alin Florin Vadanuta
Our File No.:  129010
Docket No.: 18-cv-9598 (VEC)

Dear Mr. Lavin:

In following with the recent Court conference and the Pre-Conference communications by and between the parties, we would ask for your assistance in providing our office with additional authorizations for your client's treatment records as soon as possible.  This would include production of authorizations for the ongoing treatment records of your client, prior to and leading up to his August 6, 2020 surgery.  We would also ask that production of diagnostic testing film records, diagnostic testing film reports and diagnostic testing films studies during this interim period of time be produced by your office.

Part and parcel to the foregoing, with our substitution in as counsel during the late stages of discovery, we also ask for your assistance in providing a clean set of fresh authorizations for all healthcare providers previously identified as treating your client. In this regard, it is clear from our review of the contents of the hard copy of the transferred file from our predecessor that not all of the medical records of your client were secured. Please ensure that fresh authorizations are provided as soon as possible so we can secure all of the relevant records.

Finally, we would also ask for your assistance in providing a list of all diagnostic testing films in your possession which you intend to utilize at trial. This will allow our experts to be able to complete their reviews, based on the new operative report.

We thank you for your anticipated assistance in regard to these issues.

Very truly yours,

PERRY, VAN ETTEN, ROZANSKI
& KUTNER, LLP

BY: *Jeffrey K. Van Etten*
JEFFREY K. VAN ETTEN

JVE/mkr

cc: **Via E-mail (VAvery@fordharrison.com)**
Ford Harrison, LLP
60 East 42nd Street – 51st Floor
New York, NY 10165
Attn: Vincent M. Avery, Esq.

**Via ECF & E-mail (kdanielsen@kdvlaw.com & sheyligers@kdvlaw.com)**
Kaufman Dolowich Voluck LLP
25 Main Street, Suite 500
Hackensack, NJ 07601
Attn: Kenneth B. Danielsen, Esq.
     Steven I. Heyligers, Esq.