```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GERGELY CSIKOS,

                               Plaintiff,

           -against-

S.M. CONSTRUCTION & CONTRACTING,
INCORPORATED, AND
230 PARK SOUTH APARTMENTS,

                               Defendants.

18-CV-9598 (VEC)

ORDER

-------------------------------------------------------------- X
230 PARK SOUTH APARTMENTS,

      Cross-Claimant and Third-Party Plaintiff,

           -against-

S.M. CONSTRUCTION & CONTRACTING,
INCORPORATED,
                       Cross-Defendant,

REMODEL ART CORP. AND ALIN
VADANUTA,

                       Third-Party Defendants.
-------------------------------------------------------------- X
230 PARK SOUTH APARTMENTS,

                       Fourth-Party Plaintiff,

           -against-

IAN REISNER, IR HOLDINGS LLC,
PARKVIEW DEVELOPERS LLC

                       Fourth-Party Defendants.
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on January 7, 2022, the Court ordered the parties to move to preclude each others' experts by January 28, 2022, *see* Dkt. 190;

WHEREAS Defendant 230 Park South Apartments, Inc. ("the Co-op") did not move to preclude Plaintiff's experts by January 28, 2022;

WHEREAS on February 8, 2022, the Co-op requested extensions of time to file its *Daubert* motion and to respond to Plaintiff's motion, *see* Dkt. 197;

WHEREAS on February 8, 2022, the Court directed, *inter alia*, that the parties' motions *in limine* were due by March 11, 2022, with responses due by March 18, 2022, *see* Dkt. 198;

WHEREAS on February 9, 2022, the Court: (1) clarified that its February 8 Order extended the deadline only for, *inter alia*, the parties' motions *in limine*; and (2) denied the Co-op's request for an extension of time to file its *Daubert* motion because it had failed to file its motion by the deadline, and had not requested an extension of time to make such a motion until twelve days after the filing deadline had passed, *see* Dkt. 200;

WHEREAS on March 11, 2022, the Co-op filed its motion *in limine*, challenging the admissibility of certain testimony from four of Plaintiff's experts, *see* Dkt. 210;

WHEREAS on March 14, 2022, Plaintiff wrote to the Court, arguing that the Co-op's motion *in limine* is improper because it could have but failed to make a timely *Daubert* motion, *see* Dkt. 211;

WHEREAS also on March 14, 2022, the Court stayed Plaintiff's time to respond to the Co-op's motion *in limine* and ordered the Co-op to respond by March 17, 2022, to Plaintiff's argument that its motion should be dismissed as improper, *see* Dkt. 212;

WHEREAS on March 17, 2022, the Co-op responded, arguing that its motion *in limine* is not seeking to preclude Plaintiff's experts, only to limit their testimony, and, thus, is proper, *see* Dkt. 213;

WHEREAS also on March 17, 2022, Plaintiff's counsel requested permission to respond to the Co-op's accusation in its March 17 letter of gamesmanship by Plaintiff, *see* Dkt. 214;

IT IS HEREBY ORDERED that the Court interprets the Co-op's motion *in limine* to make the following arguments that are legitimate motions *in limine* and will be treated as such:

1. **Dr. Lattuga:** the Co-op's motion *in limine* is proper insomuch as it is requesting that Dr. Lattuga's testimony be limited to the treatment he himself provided to Plaintiff, including two surgeries. To that end, the Co-op's motion is to preclude Dr. Lattuga from testifying about future treatments and surgeries because those are not obvious from the records Dr. Lattuga provided, and because Plaintiff did not provide a supplemental report. *See* Dkt. 210 at Ex. 14 at 5–8.

2. **Dr. Carfi:** Parts II.A and C of the Co-op's motion are appropriately viewed as motions *in limine*, namely its arguments that: (1) Dr. Carfi should be precluded from testifying about the category of future medical care costs and lost earnings because Plaintiff has not complied with Rule 26(a)(1)(A)(iii) and because Dr. Carfi failed to provide any documentation to support a computation of future medical costs; and (2) Dr. Carfi should be precluded from testifying about: (a) the costs of future psychological or psychiatric care because such costs are not recoverable under New York law if Plaintiff is not currently undergoing such treatment, which Plaintiff testified he is not; (b) the costs of various assistive devices which Plaintiff has not utilized and which Plaintiff's treating physicians have not recommended; and (c) the costs of various prescription medications, which Plaintiff was not taking at the time of his deposition. *See id.* at 8–10, 11–14.

3. **Ms. Kucsma and Mr. Betz:** Parts III.A and C of the Co-op's motion, *see id.* at 14–15, 18, are permissible motions *in limine*, insomuch as they argue that: (1) Kucsma and Betza should be precluded from testifying about the category of economic damages because Plaintiff has not complied with Rule 26(a)(1)(A)(iii) and because both experts failed to provide any documentation to support a computation of damages; and (2) Kucsma or Betz cannot testify about future medical costs and damages (other than lost earnings) because their opinions are based on that of Dr. Carfi, and Dr. Carfi's opinion is inadmissible, as argued above.

IT IS FURTHER ORDERED that the Court interprets the following arguments in Defendant's motion *in limine* as untimely *Daubert* motions:

1. **Dr. Carfi:** the Co-op's argument in Part II.B of its memorandum of law, *see id.* at 10–11, is a classic *Daubert* motion — *i.e.*, the Co-op argues that the expert's opinion does not have an adequate factual predicate. Accordingly, that portion of the Co-op's motion is dismissed as untimely.

2. **Ms. Kucsma and Mr. Betz:** the Co-op's argument in Part III.B of its memorandum of law that neither expert may testify about future lost earnings because their opinions have inadequate factual bases, *see id.* at 15–18, is a classic *Daubert* motion and, thus, is dismissed as untimely.

IT IS FURTHER ORDERED that the Court denies Plaintiff's March 17, 2022 request to respond to the Co-op's allegation of gamesmanship, as such a response is not needed.

IT IS FURTHER ORDERED that Plaintiff must respond to the Co-op's motion *in limine* by no later than **April 7, 2022**.

**SO ORDERED.**

Date:  March 31, 2022
      New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**