USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/25/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
GERGELY CSIKOS,

                                Plaintiff,

            -against-

S.M. CONSTRUCTION & CONTRACTING,
INCORPORATED, AND
230 PARK SOUTH APARTMENTS,

                                Defendants.
------------------------------------------------------------X
230 PARK SOUTH APARTMENTS,

      Cross-Claimant and Third-Party Plaintiff,

           -against-

S.M. CONSTRUCTION & CONTRACTING,
INCORPORATED,

                     Cross-Defendant,

REMODEL ART CORP. AND ALIN
VADANUTA,

                  Third-Party Defendants.
------------------------------------------------------------X
230 PARK SOUTH APARTMENTS,

                     Fourth-Party Plaintiff,

            -against-

IAN REISNER, IR HOLDINGS LLC,
PARKVIEW DEVELOPERS LLC,

                 Fourth-Party Defendants.
------------------------------------------------------------X

18-CV-9598 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

       On December 3, 2021, this Court considered cross-motions for summary judgment by Plaintiff, Gergely Csikos, and Defendant, 230 Park South Apartments (the "Building"), on

1

Plaintiff's claims for negligence and breach of New York Labor Laws §§ 200, 240(1), and 241(6).[1]  This Court granted Defendant's motion for summary judgment as to Plaintiff's negligence, § 200, and § 241(6) claims, but denied the cross-motions for summary judgment as to Plaintiff's § 240(1) claim.  Dkt. 184.  Plaintiff has now filed a motion for reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, of the Court's December 3, 2021, Order denying summary judgment on the § 240(1) claim (the "Order").  Dkt. 187.  Plaintiff argues that this Court overlooked certain case law that holds that premises owners have a duty to properly secure ladders and to ensure they remain steady throughout use; that there is no minimum ladder height requirement for injured employees to obtain relief under § 240(1); and that, even if the use of a ladder is unnecessary, a worker's decision to use a ladder does not remove him from the ambit of § 240(1) protections.  Dkt 188.  The Building opposes Plaintiff's motion.  Dkt. 191.  For the reasons discussed below, Plaintiff's Rule 59(e) motion for reconsideration is DENIED.

## BACKGROUND

The Court assumes familiarity with its prior opinions issued over the course of this litigation and will summarize only the most pertinent facts.  On October 19, 2018, Plaintiff sued 230 Park South Apartments (the "Building") and others for negligence and breach of New York Labor Laws §§ 200, 240(1), and 241(6).  *See* Compl. (Dkt. 1) ¶¶ 51–60.  Plaintiff claims he was injured when he fell off a ladder on June 25, 2018, while working for Remodel Art Corporation ("Remodel") at 230 Central Park South, a building owned by Defendant 230 Park South

---

[1]   The Building was the sole movant for summary judgment.  *See* Dkts. 169–72.  The codefendant, S.M. Construction, did not join the Building's motion or independently move for summary judgment.

Apartments. Pl. 56.1 Stmt. (Dkt. 167) Ex. 8 ¶¶ 1, 7, 13, 18–21; Def. 56.1 Stmt. (Dkt. 171) ¶¶ 3, 12.

The parties vigorously contest the facts surrounding Plaintiff's fall. Plaintiff claims that he was standing on the fourth step of an unsecured A-frame ladder to demolish the eight-to-nine-foot-high ceiling of the building's fifth floor hallway and that, while he was removing a piece of sheetrock, the ladder moved, causing him to fall. Pl. 56.1 Stmt. ¶¶ 18–21. Defendant generally denies liability for the fall, arguing that the "alleged accident" occurred after the ladder was "placed and secured," and that, based on the respective heights of the ceiling and Mr. Csikos, Plaintiff could not have been working from higher than the first step of the ladder. Def. 56.1 Stmt. ¶¶ 18–19; 21, 27; Def. Reply 56.1 Stmt. (Dkt. 177) at 7.

On May 5, 2021, Plaintiff moved for summary judgment against Defendant on his § 200 and § 240(1) claims. *See* Pl. Motion for SJ (Dkt. 162). Defendant opposed Plaintiff's motion and cross-moved for summary judgment on all claims. *See* Def. Motion for SJ (Dkt. 169); Def. Mem. for SJ (Dkt. 172). On December 3, 2021, this Court granted Defendant's motion for summary judgment as to Plaintiff's negligence, § 200, and § 241(6) claims, but denied the cross-motions for summary judgment as to Plaintiff's § 240(1) claim. Opinion & Order (Dkt. 184).

Plaintiff has moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) of the denial of summary judgment on his § 240(1) claim.[2] Pl. Mem. (Dkt. 188) at 2. Plaintiff advances two arguments in his motion for reconsideration: first, that this Court overlooked legal precedent purporting to hold that under § 240(1) the onus is on the premises owner and contractor, not the individual worker, to ensure that a ladder is properly secured and that it remains secure throughout use, *see* Pl. Mem. at 3; and second, that this Court overlooked legal

---

[2] Neither Plaintiff nor Defendant's supporting memoranda for the instant motion are internally paginated. Thus, the Court refers to the ECF page numbers for these documents.

3

precedent purporting to hold that workers are entitled to § 240(1) protections regardless of from which rung of the ladder they fall, and that a worker who chooses to use a ladder does not remove himself from the ambit of § 240(1), irrespective of whether the ladder was necessary to complete the work, *see id*. at 6.  Defendant argues that Plaintiff has failed to meet the standard of review for reconsideration, asserting, *inter alia*, that there was no clear error because material factual issues remain in dispute, such as whether Plaintiff was actually on the ladder at the time of the accident, whether it would have been physically possible for Plaintiff to work on the ladder in the manner he described, given Plaintiff's height relative to the height of the ceiling, and whether Plaintiff himself did or did not secure the ladder prior to using it.  Def. Mem. (Dkt. 191) at 3–5.

## DISCUSSION

### I. Legal Standard

The movant bears the burden of proof on a motion for reconsideration.  *In re Facebook, Inc., IPO Sec. and Deriv. Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014); *Anglo Am. Ins. Grp. v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996); *Morser v. AT&T Info. Sys.*, 715 F. Supp. 516, 518 (S.D.N.Y. 1989).  While a district court has "broad discretion" in determining whether to grant a motion under Rule 59(e), *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000), the standard for granting a motion for reconsideration is "strict," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration will only be granted when the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

Courts in this district rarely grant motions for reconsideration, "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.  A motion to reconsider will not be granted when a party seeks to relitigate "arguments already briefed, considered, and decided." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).  This strict standard reflects the principle that reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citations omitted).

**II.    Plaintiff's Proposed Motion for Reconsideration Is Meritless**

Plaintiff asserts that reconsideration of the Court's Order is warranted because there was a clear error as to the law governing his § 240(1) claim.  *See* Pl. Mem. at 3, 6.  Rather than point the Court to a clear error of law, Plaintiff merely repackages the material disputed facts.  Because "it is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," Plaintiff's motion for reconsideration must be denied.  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

Section 240(1) "imposes absolute liability on owners, contractors and their agents for any breach of the statutory duty which has proximately caused injury." *Sanatass v. Consol. Inv. Co.*, 10 N.Y.3d 333, 338 (2008) (citations omitted).  The question in a § 240(1) claim is "whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential." *Runner v. N.Y. Stock Exch., Inc.*, 13 N.Y.3d 599, 603 (2009).  In the context of falls from ladders, "liability will be imposed

5

when the evidence shows that the subject ladder was inadequately secured and that the failure to secure the ladder was a substantial factor in causing the plaintiff's injuries." *DeSerio v. City of N.Y.*, 171 A.D.3d 867, 867–68 (2d Dep't 2019) (cleaned up).  While "[t]he inexplicable shifting of an unsecured ladder may alone support a section 240(1) claim" if the shifting caused the worker to fall, *Soriano v. St. Mary's Indian Orthodox Church of Rockland, Inc.*, 118 A.D.3d 524, 526 (1st Dep't 2014) (citations omitted), the fall "does not in and of itself establish that the ladder did not provide appropriate protection," *Campos v. E. 86th St. Owners Corp.*, 117 A.D.3d 593, 593 (1st Dep't. 2014) (citations omitted).  Whether a ladder provided appropriate protection is typically a question of fact reserved for the jury.  *See Blake v. Neighborhood Hous. Servs. of N.Y.C., Inc.*, 1 N.Y.3d 280, 284 (2003) (discussing jury findings on the issue of proper protection); *see also Alava v. City of N.Y.*, 246 A.D.2d 614, 615 (2d Dep't 1998) ("[T]he issue of whether a particular safety device provided proper protection is generally a question of fact for the jury").

     Plaintiff first argues that this Court overlooked precedent that, under § 240(1), it is the responsibility of the premises owner or contractor, not the individual worker, to ensure the ladder is secure throughout use.  Pl. Mem. at 4.  Plaintiff cites case law holding that the "failure to properly secure a ladder, and to ensure that it remain[s] steady and erect while being used, constitutes a violation of Labor Law § 240(1)."  *Id*. at 4 (quoting *Hill v. City of N.Y.*, 140 A.D.3d 568, 569 (1st Dep't 2016)).  Plaintiff asserts that it was the Building's responsibility to properly secure the ladder and ensure that it remained so, and that, regardless of whether Plaintiff secured the ladder in the first place, the "uncontroverted" fact that the ladder "subsequently moved and fell over" constitutes a violation of § 240(1).  Pl. Mem. at 3–5.

The problem with Plaintiff's argument is that the facts are, in fact, controverted. The Building continues to dispute whether Plaintiff was actually on the ladder at all, whether it would have been physically possible for Plaintiff to use the ladder in the manner he describes, and whether there was, in fact, a failure to provide adequate safety protection for Plaintiff's work. Def. Mem. at 4–5. Moreover, unlike *Hill*, where the plaintiff's story was corroborated by surveillance footage and the respondent's testimony, here, Plaintiff's alleged fall was unwitnessed. *Hill*, 140 A.D.3d at 568; Pl. Mem. at 6. The mere fact that a fall was unwitnessed does not bar summary judgment, *Gonzalez v. 1225 Ogden Deli Grocery Corp.*, 158 A.D.3d 582, 584 (1st Dep't 2018), unless the record "controverts [Plaintiff's] account of the accident or calls his credibility into question," *Rroku v. West Rac Cont. Corp.*, 164 A.D.3d 1176, 1177 (1st Dep't 2018).

Here, there are issues of fact in the record that controvert Plaintiff's account of the accident and call his credibility into question. For example, Plaintiff alleged that he used an unsecured ladder that "was not secured by another person or by any other means," Pl. 56.1 Stmt. ¶ 20, but Plaintiff also testified in his deposition that he "placed and secured the ladder" himself, *see* Bruno Decl. (Dkt. 167) Ex. 6 at 16:14–22. Similar to *Campos*, in which the First Department reversed summary judgment on a § 240(1) claim where the plaintiff gave conflicting testimony as to whether he secured a ladder before using it, here, Plaintiff has given conflicting versions of the events that "raise credibility issues which cannot be resolved on a motion for summary judgment." *Campos*, 117 A.D.3d at 594. This inconsistency raises a triable issue of fact as to whether § 240(1) was violated and whether the alleged violation was a proximate cause of Plaintiff's injuries.[3]

---

[3] Plaintiff repeatedly asserts that he has established a *prima facie* violation of § 240(1). *See* Pl. Mem. (Dkt. 188) at 3, 5. Merely establishing a *prima facie* violation of § 240(1), however, does not entitle Plaintiff to summary

Plaintiff also argues that this Court erred when it held that a question of fact exists as to whether Plaintiff's elevation from the floor was so minimal that it did not require fall protection. Pl. Mem. at 7.  According to Plaintiff, this Court overlooked precedent that workers are entitled to relief under § 240(1) regardless of from which rung of the ladder they fall. *Id*.  The Court recognizes that "there is no bright-line minimum height differential that determines whether an elevation hazard exists," *Auriemma v. Biltmore Theatre, LLC*, 82 A.D.3d 1, 9 (1st Dep't 2011), and that courts have found heights as low as 18 inches sufficient to pose an elevation hazard, *see, e.g.*, *Arrasti v. HRH Constr. LLC*, 60 A.D.3d 582, 583 (1st Dep't 2009).  But there remains a genuine dispute as to whether Mr. Csikos was, in fact, exposed to an elevation hazard, and whether the safety device provided was inadequate. *See* Def. Mem. at 4–5.  Thus, while the specific rung on which Mr. Csikos was standing is not determinative of the elevation hazard issue, the height differential is not "irrelevant" to the inquiry as Plaintiff suggests. *See* Pl. Mem. at 7.  In short, summary judgment on this issue was and is inappropriate.

Plaintiff finally asserts that, even if Mr. Csikos "could have performed the demolition work without the use of a ladder . . . his choice in using a ladder does not remove him from the class of workers who are entitled to Labor Law § 240(1) protection." Pl. Mem. at 8.  Plaintiff cites no case law to support his argument that he is entitled to § 240(1) protection when using a ladder where no elevation-related hazard exists, but, even if true, there remain triable issues of fact as to whether the Building failed to provide Plaintiff with proper protection, and whether that alleged failure proximately caused Plaintiff's injuries. *See Delahaye v. Saint Anns Sch.*, 40 A.D.3d 679, 682 (2d Dep't 2007).

---

judgment. *See Ellerbe v. Port Auth. of N.Y. & N.J.*, 91 A.D.3d 441, 442 (1st Dep't 2012) (affirming denial of summary judgment where "a triable issue of fact [existed] as to whether [Plaintiff's] accident in fact resulted from a violation of [§ 240(1)]," even though "plaintiff made out a prima facie case").

8

Because there remain triable issues of fact as to how Plaintiff's accident occurred, and whether the alleged failure to secure the ladder proximately caused Plaintiff's injuries, there is no clear error for the Court to correct. *Campos*, 117 A.D.3d at 594; *Degen v. Uniondale Union Free Sch. Dist.*, 114 A.D.3d 822, 823 (2d Dep't 2014); *Esteves-Rivas v. W2001Z/15CPW Realty, LLC*, 104 A.D.3d 802, 804 (2d Dep't 2013); *Ellerbe*, 91 A.D.3d at 442; *Delahaye*, 40 A.D.3d at 682. Therefore, Plaintiff's motion for reconsideration must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's December 3, 2021, Order is DENIED.

The Clerk of Court is respectfully directed to close the open motion at docket entry 187.

**SO ORDERED.**

**Date: April 25, 2022**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**